UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HACIENDA CONSTRUCTION, INC.   *           CIVIL ACTION

VERSUS                        *           NO: 08-0097

LINDA J. VEALS, ET AL         *           SECTION: "D"(4)

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion for Summary Judgment"** (Doc. No. 28) filed by the U.S. Small Business Administration (SBA); and

(2) **"Motion for Summary Judgment"** (Doc. No. 29) filed by Assurance Company of America (ACA).

***No memorandum in opposition was filed to either motion***. The motions, set for hearing on Wednesday, June 4, 2008, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that there are no genuine issues of material fact and movers are entitled to judgment as a matter of law.

## I. Background

On or about November 4, 2004, Linda J. Veals and Hacienda Construction, Inc. (Hacienda) entered into a contract for the purchase of property and the construction of a house at 686 Rue St. Michael, Gretna, Louisiana (subject property). Ms. Veals obtained builder's risk insurance from Assurance Company of America (ACA) (named as Zurich American Insurance Company in Veals' Third-Party Claims)[1] to cover the construction of the house. (*See* Policy No. BR 60871565, attached to ACA's motion as Ex. 1). The policy was effective January 25, 2005 to January 25, 2006. (*Id.*).

Prior to completion of construction, the house was damaged by Hurricane Katrina (which struck the New Orleans area on or about August 29, 2005). Ms. Veals filed a claim under her builder's risk insurance policy, and she also applied for and received a $40,500 disaster loan from the SBA to cover Hurricane Katrina related damages to the subject property.

## II. Hacienda's Breach of Contract Suit

In May 2006, Hacienda ultimately filed a "Breach of Contract" suit against Linda Veals in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. In that suit, Hacienda alleges that prior to Hurricane Katrina, Hacienda had substantially

---

[1] Zurich American Insurance Company is a parent company of ACA. (*See* ACA's Supplemental and Amended Petition for Concursus, Doc. No. 27 at ¶15).

2

completed the subject property (located at 686 Rue St. Michael) and was entitled to the final payment of $48,547.00.[2]

Hacienda further alleges that Veals would not authorize the final payment unless Hacienda performed all the Hurricane Katrina damages were repaired. Hacienda claims that it is entitled to recover $35,829.00 to cover the cost of these repairs.

Linda Veal filed an Answer to Hacienda's suit, and also made a reconventional demand against Hacienda as well as a Third Party Demand against ACA, erroneously sued as Zurich (allegedly the provider of the builder's risk insurance policy). In her Third-Party Demand against ACA (erroneously sued as Zurich), Veals alleges that although she "denies that Hacienda performed the [Hurricane Katrina related] repairs it claims, in the event that Mrs. Veals is cast in judgment against Hacienda for hurricane-related repairs [ACA/erroneously sued as Zurich] is liable to Mrs. Veals under the [builder's risk] insurance policy for these repairs." (*See* Veals' Third-Party Demand contained in her Answer to Hacienda's Breach of Contract Suit).

### III.   ACA's Petition for Concursus

Because of the pending litigation between Hacienda and Veals, and Veals' assignment of rights to the United States Small Business

---

[2] Hacienda also claims that Ms. Veals exceeded her new construction allowances in the amount of $4,469.29.

Administration (discussed *infra* at p. 5)), ACA was unsure who to name as the beneficiary of the insurance proceeds under the subject builder's risk insurance policy. (*See* Affidavit of Thomas Kaye, ACA representative, attached to ACA's motion as Ex. 2, ¶10). Thus, on or about November 2, 2007, ACA filed a Petition for Concursus in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, naming as Defendants: Linda veals, Hacienda, and the SBA. ACA also deposited $34,829.02 in the registry of that court, with those funds representing the amount of damages to Ms. Veals' house that Hacienda determined were related to Hurricane Katrina, minus the $1,000 deductible on the policy.

ACA's Petition for Concursus was consolidated in state court with Hacienda's Breach of Contract suit, under one docket number. On January 4, 2008, the United States removed the consolidated case to this court. The money that was deposited in the registry of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, was transferred and deposited into the registry of this court. (*See* Order, Doc. No. 33).[3]

In its Supplemental and Amended Petition for Concursus (filed in this court), ACA explains the relationship between ACA and

---

[3] While ACA deposited the sum of 34,829.02 into the registry of the state court, when the money was transferred and deposited into the registry of this court, interest had accrued on the principal amount while in the state court's registry. The total amount deposited into the registry of this court was $35,261.27.

Zurich.  (*See* Supplemental and Amended Petition for Concursus, Doc. No. 27).   As asserted by ACA, Ms. Veals procured the subject builder's risk policy from ACA.  (*Id.* at ¶14).   Zurich is a parent company of ACA.   (*Id.* at ¶15).

### IV.  SBA's Motion for Summary Judgment Seeking an Award of Proceeds from the Builder's Risk Policy Issued by ACA

To obtain her SBA loan (in the amount of $40,500), Ms. Veals executed a Loan Authorization and Agreement, secured by a Multiple Indebtedness Mortgage in favor of the SBA.  Ms. Veals also executed a SBA Note (SBA Form 147B).  (*See* SBA's Ex. 1, Affidavit of Records Certification of Alan J. Wells, and Attachments A & B).

Pursuant to the Loan Authorization and Agreement, Ms. Veals was required to and did "execute an assignment to SBA of any insurance settlement or recovery for disaster damage."  (*See* SBA's Ex. 1, Attachment C & Attachment D at ¶7.E).  Ms. Veals assigned to the SBA "any and all moneys now due or to become due to me from [from Zurich/ACA under the builder's risk insurance policy] for damages occurring about August 2005 as a result of a (an) Hurricane Katrina).  (SBA's Ex. 1, Attachment C).

The SBA notified Zurich of the assignment in a letter dated December 5, 2005, advising Zurich that all future payments relating

5

to Ms. Veals' claim for Hurricane Katrina related damages should include the SBA as a co-payee. *Id*.

The SBA disbursed $40,500 to Ms. Veals. As of March 11, 2008, (allowing for all payments) Ms. Veals owes the SBA $35,704.15, representing the principal amount of $35,406.01 and interest in the amount of $298.14. (SBA's Ex. 1 at ¶2(E) & Attachment E). Interest continues to accrue on the principal amount at the rate of 2.687% per annum or at the daily rate of $2.61. *Id*.

No opposition to the SBA's motion has been filed. As a matter of law, the court concludes that the SBA, as assignee, should be awarded the insurance proceeds from the subject ACA builder's risk insurance policy, up to the amount Ms. Veals owes the SBA on her disaster loan. (*See* discussion of same type of assignment to the SBA in *Ayers v. State Farm Fire & Cas. Co.*, 2007 WL 1378401 (S.D. Miss. 2007)(Senter, J.). As discussed below, the amount of those insurance proceeds are deposited into the registry of this court, and the court will issue an order entitling the SBA to that money.

**V.  ACA's Motion for Summary Judgment Seeking Dismissal of Veals' Third-Party Claims Asserted in the Breach of Contract Suit**

On or about September 20, 2005, Linda Veals made a claim under her builder's risk insurance policy for hurricane damages to the subject property. (*See* Affidavit of Thomas Kaye, ACA

representative, attached to ACA's motion as Ex. 2, ¶5).

In October 2005, ACA retained RAC Catastrophic Services, Inc., an independent contracting company to inspect the subject property for Hurricane Katrina related damages. (*See* Affidavit of Thomas Kaye, ACA representative, attached to ACA's motion as Ex. 2, ¶6, and RAC Report, attached to ACA's motion as Ex. 3). The RAC adjuster agreed with a cost proposal furnished by a representative from Hacienda, and the RAC adjuster recommended settlement in the amount of $28,480 (with no deductible and with no overhead and profit).[4] (*See* RAC Report, ACA's Ex. 3).

In May 2006, a Zurich Field Inspection Team reinspected the property at Veals' request and estimated damages in the amount of $31,453, including the deductible. (*See* Affidavit of Thomas Kaye, ACA representative, attached to ACA's motion as Ex. 2, ¶7).

In July 2007, ACA received the invoice from Hacienda for Hurricane Katrina repairs.  ACA determined that this invoice, in the amount of $35,829.02, was reasonable based on the previous estimates by Hacienda, RAC and the Zurich Team estimator.  (*See* Kaye Affidavit, ACA's Ex. 2 at ¶¶8-9 and Hacienda Invoice, and supporting documentation, attached to ACA's Motion to Substitute Exhibit, Doc. No. 34; *see also* ACA's Supplemental Memorandum in

---

[4]   The subject policy had a $1,000 deductible, and the Hacienda representative sought an additional 25% for overhead and profit (25% of $28,480 = $7,120).  (*See* RAC Report, ACA's Ex. 3).

Support of Motion for Summary Judgment and attached Affidavit of Thomas Kaye, Doc. No. 38 & 38-2).[5]  ACA deposited $34,829.02 ($35,829.02 minus the $1,000 deductible) into the registry of the court for repair of Hurricane Katrina related damages to the subject property.  (Kaye Affidavit at ¶11).

No party has disputed that the subject property sustained Hurricane Katrina related damages and no party has disputed the amount ACA agrees to pay for such damages, i.e., $34,829.02 which is deposited into the registry of the court.[6]  Accordingly, ACA's motion for summary judgment will be granted, dismissing Linda Veals' third-party claims asserted against ACA in Hacienda's Suit for Breach of Contract against Veals.

### VI. Conclusion

For reasons set for above,

**IT IS ORDERED** that the **"Motion for Summary Judgment" (Doc. No. 28)** filed by the U.S. Small Business Administration, be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the **"Motion for Summary Judgment"**

---

[5] As reflected in the documents submitted by ACA, the amount of the Hacienda's Invoice in the amount of $35,829.02 is broken down as follows: $3,985 for roofing material and labor by KDF Home Improvement; $15,945.00 for numerous items of repair and labor by KDF Home Improvement; $7,526.02 for flooring by Acadian; $983.00 for removal and replacement of one condensing unit by CRS Heating & Cooling; $1,420.00 for painting by Sarmiento Painting; and $5,970.00 for Hacienda's overhead and profit costs.

[6] *See* note 3, *supra.*

**(Doc. No. 29)** filed by Assurance Company of America (ACA), be and is hereby **GRANTED**, dismissing Linda Veals' third-party claims asserted against ACA in Hacienda's Suit for Breach of Contract against Veals;

**IT IS FURTHER ORDERED** the U.S. Small Business Administration be and is hereby entitled to the proceeds which are deposited into the registry of this court in this matter (principal plus interest that has accrued)[7];

**IT IS FURTHER ORDERED** that the U.S. Small Business Administration file the appropriate motion for disbursement of the registry funds in accordance with Local Rule 67.3;

**IT IS FURTHER ORDERED** that the Petition for Concursus filed by ACA be and is hereby **DISMISSED.**

Finally, the only claims remaining in this matter are Hacienda's breach of contract claims asserted against Veals, and Veals counterclaims asserted against Hacienda. The court lacks subject matter over these claims as diversity of citizenship is lacking and there is no federal question. And the court declines to exercise supplemental jurisdiction over these claims. Accordingly, the court **REMANDS** these claims to the 24th Judicial

---

[7] Such amount ($35,261.27 plus interest) is less than the amount Linda Veals owed the SBA as of March 11, 2008 (i.e., $35,704.15).

District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **5th** day of **June**, **2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE